# In the United States Court of Federal Claims

No. 10-723 C
(Filed May 15, 2013)

\* \* \* \* \* \* \* \* \* \* \* \* \*    \*
JUANITA L. HUGHETT,               \*
                                  \*    Motion for Attorney's Fees and
                    *Plaintiff*,  \*    Costs; Equal Access to Justice
                                  \*    Act, 28 U.S.C. § 2412 (2006);
          v.                      \*    Procedural Remand Did Not
                                  \*    Convey Prevailing Party Status
THE UNITED STATES,                \*    on Plaintiff; Government's
                                  \*    Litigating Position Was
                    *Defendant*.  \*    Substantially Justified.
                                  \*
\* \* \* \* \* \* \* \* \* \* \* \* \*    \*

    *Jason E. Perry*, Cheshire, CT, for plaintiff.

    *Michael D. Snyder*, United States Department of Justice, with whom were *Stuart F. Delery*, Principal Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, *Deborah A. Bynum*, Assistant Director, Washington, DC, for defendant. *Todi Carnes*, United States Air Force, Joint Base Andrews, MD, of counsel.

———————————

## OPINION

———————————

**Bush**, *Judge*.

    The court has before it Ms. Juanita L. Hughett's motion for an award of attorney's fees and costs in the sum of $9376.30.[1]  Pl.'s Mot. at 3.  The parties dispute whether a remand from this court to the Air Force Board for Correction of

---

[1]/ The court notes that conflicting figures were submitted by plaintiff, *compare* Pl.'s Mot. at 3, Att. 1 at 1 *with* Pl.'s Mot. Supp. Att. 1 at 1, but the discrepancy is immaterial.

Military Records (AFBCMR or Board) conveyed prevailing party status on plaintiff.  As explained below, plaintiff, under precedent controlling upon this court, was not a prevailing party in this case.  In addition, the government's position in this litigation was substantially justified.  For these reasons, plaintiff's motion must be denied in its entirety.

## BACKGROUND[2]

The relevant facts are undisputed.  Pl.'s Reply at 2.  Ms. Hughett served in the Air National Guard and her service included a period of active duty.  Def.'s Opp. at 2.  "[S]he was honorably released from active duty for completion of required active service on March 20, 2009."  *Id.*  The record shows, however, that Ms. Hughett was also undergoing medical evaluation for serious health problems in the months leading up to her discharge.  The gravamen of the complaint filed in this court on October 25, 2010 was that plaintiff was wrongfully discharged and that Ms. Hughett should be restored to active duty to complete the evaluation of her "physical disability case."  Compl. at 1, 5.  Among the forms of relief requested were active duty pay, "out of pocket expenses for medical care," and attorney's fees and costs.  *Id.* at 4-5.

Defendant filed a motion to dismiss and for judgment on the administrative record on April 11, 2011.  The government argued, first, that to the extent Ms. Hughett challenged the merits of the government's evaluation of her fitness for duty, the determination that she was fit for duty (and not eligible for a disability retirement) was nonjusticiable.  Second, to the extent that plaintiff challenged the procedural aspects of her discharge, the government argued that the administrative record showed no procedural violations that would justify relief from this court.  On May 12, 2011, plaintiff, rather than cross-moving for judgment on the administrative record, filed a motion to supplement the administrative record and to stay proceedings.

On June 23, 2011, the parties then jointly filed a motion to remand plaintiff's requests for relief to the AFBCMR, noting that the board had never had an opportunity to consider Ms. Hughett's challenge to her release from active duty. The parties framed their request for remand in this manner:

---

[2]/ The court makes no findings of fact in this opinion.

> To this time, Ms. Hughett has not petitioned the
> AFBCMR for relief; thus, a remand would afford the Air
> Force an opportunity in the first instance to apply all
> appropriate regulations to Ms. Hughett's circumstances,
> and to make a determination whether the agency erred in
> releasing her from active duty.  Upon remand, the
> AFBCMR will consider the documents that comprise the
> administrative record in this matter, as well as the
> additional documents that Ms. Hughett sought to add to
> the administrative record in her motion to supplement the
> administrative record.  Accordingly, the AFBCMR would
> create a coherent and comprehensive record regarding
> Ms. Hughett's claims . . . .

Jt. Mot. at 2 (footnoted omitted).  The court granted the parties' motion on June 30, 2011 and stayed proceedings during the remand to the AFBCMR.

This court's remand order adopted the specific instructions to the AFBCMR requested by the parties, which are reproduced here in their entirety:

> (1) The Board is to afford Ms. Hughett the opportunity to
> initiate AFBCMR review by completing and filing a DD
> Form 149 (Application for Correction of Military
> Record), and to present in writing any arguments and
> evidence that might establish her entitlement to relief
> regarding her alleged release from active duty prior to
> final disposition of her disability case;

> (2) The Board is to afford Ms. Hughett any relief the
> AFBCMR determines she is entitled to, and to issue a
> decision explaining in detail the rationale supporting its
> final decision;

> (3) The court retains jurisdiction over this matter.

Order of June 30, 2011, at 2 (formatting altered).  There was no language in the court's remand order indicating the court's position on the merits of plaintiff's claims.  The court's only comment was that a remand to the AFBCMR was

"appropriate in these circumstances." *Id.*

Ms. Hughett presented two alternative requests for relief to the AFBCMR. The first was to be restored to active duty so as to permit a "fitness/disability determination." AFBCMR Remand Decision (Remand Dec.), at 1. The second was to obtain a disability retirement as of March 20, 2009. *Id.* The Board granted her the second alternative, ordering a correction of her records to show a 30% combined disability rating for two health conditions and a retirement date of March 20, 2009 "by reason of physical disability." *Id.* at 4, 6.

In light of this relief, the parties informed the court that dismissal of the instant case was warranted, because the Board "afford[ed] [Ms. Hughett] a satisfactory disposition of her case." Jt. Status Report of July 27, 2012, at 1. Plaintiff filed a motion for voluntary dismissal, which was granted. Judgment was entered on October 11, 2012. Plaintiff's motion for attorney's fees and costs was filed on January 9, 2013, citing the Equal Access to Justice Act, 28 U.S.C. § 2412 (2006) (EAJA) as the relevant statutory authority. Defendant opposes plaintiff's motion.

## DISCUSSION

## I.    Overview of EAJA

EAJA is a "fee-shifting" statute. *Hubbard v. United States*, 480 F.3d 1327, 1333 (Fed. Cir. 2007). "A party that prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney's fees, court costs, and other expenses." *Melkonyan v. Sullivan*, 501 U.S. 89, 91 (1991) (citing 28 U.S.C. § 2412). Certain criteria must be met by the applicant, including "timeliness of the application," *id.* at 103; not exceeding the maximum net worth for individuals or corporations, *see Bazalo v. West*, 150 F.3d 1380, 1384 (Fed. Cir. 1998) ("The statute requires that the party seeking fees show that he is [financially] eligible to receive an award under the statute."); and "prevailing party" status, *Rice Servs., Ltd. v. United States*, 405 F.3d 1017, 1025 (Fed. Cir. 2005).

The United States Court of Appeals for the Federal Circuit has stated that

> [t]he EAJA statute provides that a trial court must award
> attorney's fees where:  (i) the claimant is a "prevailing

> party"; (ii) the government's position was not
> substantially justified; (iii) no "special circumstances
> make an award unjust"; and (iv) the fee application is
> timely submitted and supported by an itemized statement.

*Libas, Ltd. v. United States*, 314 F.3d 1362, 1365 (Fed. Cir. 2003) (citing 28 U.S.C. § 2412(d)(1)(A)-(B); *Comm'r, INS v. Jean*, 496 U.S. 154, 158 (1990)).

"The EAJA applicant has the burden of proving he is a prevailing party." *Davis v. Nicholson*, 475 F.3d 1360, 1366 (Fed. Cir. 2007) (citing *RAMCOR Servs. Grp. v. United States*, 185 F.3d 1286, 1288 (Fed. Cir. 1999)). The government, however, bears the burden of proof when it raises the defense that its litigating position in the controversy was "substantially justified." *Libas*, 314 F.3d at 1365 (citations omitted). To carry this burden, the government's position must have "had a 'reasonable basis in law and fact.'" *RAMCOR*, 185 F.3d at 1290 (quoting *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). To rule on the government's 'substantial justification' defense, the trial court must "'look at the entirety of the government's conduct.'" *Id.* (quoting *Chiu v. United States*, 948 F.2d 711, 715 (Fed. Cir. 1991)).

## II.    Timeliness and Financial Eligibility

Defendant does not contest either the timeliness of plaintiff's EAJA application or Ms. Hughett's financial eligibility for an EAJA award. The court issued its judgment on October 11, 2012 and plaintiff filed her EAJA application on January 9, 2013. Ms. Hughett's application is timely pursuant to 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G). Plaintiff has also filed a Declaration of Net Worth which evidences that Ms. Hughett is an eligible "party" under the statute. *See* Pl.'s Mot. Att. 2 at 1; *see also* 28 U.S.C. § 2412(d)(2)(B). Thus, plaintiff's EAJA application satisfies two of the necessary criteria for an EAJA award.

## III.    Prevailing Party

### A.    Controlling Precedent

There is a wealth of authority discussing the "prevailing party" requirement for an EAJA award, and there is no need to examine all of this precedent. Instead, the court focuses primarily on controlling precedent which discusses the effect of a

remand on a party's claim that it fulfills the prevailing party requirement. The seminal case in this circuit for that issue is *Former Employees of Motorola Ceramic Products v. United States*, 336 F.3d 1360 (Fed. Cir. 2003) (*Motorola*). Plaintiff endeavors to fit her case within the holding of *Motorola*. Pl.'s Reply at 2-3. As discussed *infra*, however, *Motorola* and its progeny clearly show that for the purposes of EAJA Ms. Hughett is not a prevailing party in this lawsuit.

### 1.   *Motorola*

In *Motorola*, the Federal Circuit began its analysis of the prevailing party issue with a discussion of *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598 (2001):

> In its recent decision in *Buckhannon*, the Supreme Court interpreted the phrase "prevailing party" . . . to exclude the so-called "catalyst" theory of recovery. Before *Buckhannon*, most circuits had interpreted "prevailing party" to include parties who "achieve[d] the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." The Court rejected the "catalyst" theory. "A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial *imprimatur* on the change," the Court held. The Court explained that the term "prevailing party" does not "authorize[ ] federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached the 'sought-after destination' without obtaining any judicial relief." Rather, to be a prevailing party, one must "receive at least some relief on the merits," which "alter[s] . . . the legal relationship of the parties." Two examples of an alteration in the legal relationship between the parties were an enforceable judgment on the merits and a court-ordered consent decree.

*Motorola*, 336 F.3d at 1363-64 (citing *Buckhannon*, 532 U.S. at 601, 603, 605-06).

This brief passage contains the essential concepts found in "prevailing party" disputes in EAJA cases:  the catalyst theory of recovery, voluntary changes in government conduct, judicial imprimatur, at least some relief on the merits, an alteration in the legal relationship of the parties, and enforceable judgments/court-ordered consent decrees.  In *Motorola*, the Federal Circuit applied these concepts to the specific circumstance at issue in this case – whether a remand from a federal court to a federal agency conveys prevailing party status on the plaintiff.

The *Motorola* court noted that although "a remand order, at least in most circumstances, does not constitute relief on the merits for the purposes of the fee-shifting statutes," *id.* at 1364, "[r]emands to administrative agencies are . . . different . . . , and a remand [to an administrative agency] may constitute the securing of relief on the merits," *id.* at 1365.  The Federal Circuit distinguished between remands where the court retains jurisdiction while the administrative agency considers the plaintiff's demand, and those cases where the court does not retain jurisdiction over the dispute.  *Id.* at 1366.  Where, as here, jurisdiction is retained during the remand proceedings, "the claimant is a prevailing party only if it succeeds before the agency."  *Id.*

The *Motorola* opinion contains other pronouncements that are relevant to the instant dispute.  For example, the Federal Circuit stated that "[w]e do not hold that every remand constitutes a grant of relief on the merits."  *Id.*  Two types of remands, in particular, do not convey prevailing party status:  a remand to consider the effect of intervening legislation, and a remand to consider newly discovered evidence.  *Id.* (citing *Vaughn v. Principi*, 336 F.3d 1351, 1355 (Fed. Cir. 2003)).  In contrast, "where the plaintiff secures a remand requiring further agency proceedings because of alleged error by the agency, the plaintiff qualifies as a prevailing party . . . when successful in the remand proceedings where there has been a retention of jurisdiction."  *Id.*  Finally, the Federal Circuit held that the fact that the government consents to a remand order does not deprive the plaintiff of prevailing party status.  *Id.* at 1367.

## 2.      Other Binding Precedent

There are several Federal Circuit decisions that have expanded upon the concepts discussed in *Motorola*.  Although it is better not to conflate the two distinct types of remand identified in *Motorola*, *i.e.*, remands where the court retains jurisdiction and remands where the court does not retain jurisdiction, both

of these scenarios may trigger an EAJA dispute and provoke an inquiry into the *nature* of the remand in question.  Because the nature of the remand is a component of the inquiry into a plaintiff's prevailing party status, it is plaintiff's burden to show that the remand was of a type that confers prevailing party status.  *See, e.g.*, *Davis*, 475 F.3d at 1366 (citing *RAMCOR*, 185 F.3d at 1288).  As previously noted, a plaintiff who obtains a remand to an administrative agency "*because of* alleged error by the agency" may be entitled to an EAJA award.  *Motorola*, 336 F.3d at 1366 (emphasis added).

Thus, an important question in these "prevailing party" disputes is whether the remand order is purely procedural, or, instead, the remand is intended to address a government error identified by the court or conceded by the government.  *See, e.g.*, *Akers v. Nicholson*, 409 F.3d 1356, 1359 (Fed. Cir. 2005) (finding in that case that the claimants were not prevailing parties because the "parties simply agreed to a procedural remand," which is merely an "'opportunity for further adjudication'" (quoting *Vaughn*, 336 F.3d at 1356)).  A procedural remand does not convey prevailing party status because such a remand does not result from or immediately lead to judicial action on the merits.  *Id.*  As a general rule, if the court issuing the remand order does not identify or acknowledge an error by the administrative agency, the remand is procedural in nature and does not convey prevailing party status upon the claimant.  *See, e.g.*, *Thompson v. Shinseki*, 682 F.3d 1377, 1382 (Fed. Cir. 2012) (stating that only remands based on "actual or perceived administrative error" convey prevailing party status for EAJA purposes) (citing *Davis*, 475 F.3d at 1364); *Ward v. U.S. Postal Serv.*, 672 F.3d 1294, 1299 (Fed. Cir. 2012) (stating that "remands not rooted in agency error do not result in prevailing party status" under EAJA); *Gurley v. Peake*, 528 F.3d 1322, 1328 (Fed. Cir. 2008) (holding that a remand for "judicial economy rather than administrative error" does not convey prevailing party status).

Although the EAJA dispute in *Rice Services* did not involve a remand, that decision provides further guidance for the determination of prevailing party status: "[I]n order to demonstrate that it is a 'prevailing party,' an EAJA applicant must show that it obtained an enforceable judgment on the merits or a court-ordered consent decree that materially altered the legal relationship between the parties, or the equivalent of either of those."  405 F.3d at 1025 (citations omitted).  In that case, the Federal Circuit considered whether a court order issued at the conclusion of a bid protest "carried sufficient judicial imprimatur to materially alter the legal relationship between" the plaintiff and the government.  *Id.* at 1027.  Because the

government acted unilaterally and voluntarily to restructure the procurement challenged by the plaintiff, the trial court was able to dismiss the bid protest without reaching the merits. *Id.* In these circumstances, there was no "merits adjudication" and the plaintiff was not a prevailing party for EAJA purposes. *Id.* at 1027-28. A remand order, under *Rice Services*, must "carr[y] sufficient judicial imprimatur to materially alter the legal relationship between" the plaintiff and the government for that order to confer prevailing party status upon the plaintiff. *Id.* at 1027.

### B.   Ms. Hughett Is Not a Prevailing Party

Applying these precedential decisions to the case at hand, the remand order issued by this court on June 30, 2011 was purely procedural, because that order was issued to promote judicial economy in this case rather than to address administrative error. Plaintiff contends, nonetheless, that the remand to the AFBCMR fits within the category of remands discussed in *Motorola*, where a court retains jurisdiction and the plaintiff succeeds before the administrative agency. Pl.'s Reply at 2-3. Although plaintiff is correct as to the category of remand, *i.e.*, a remand where the court retains jurisdiction over the plaintiff's claims, plaintiff misconstrues the nature and results of the remand to the AFBCMR.

In this case there was no administrative error identified by the court or conceded by the Air Force. In *Motorola*, in contrast, the Federal Circuit specifically found that administrative error had been conceded by the government. *See* 336 F.3d at 1362 (noting that the "parties . . . agreed that the Department had erred" and consented to a remand); *see also id.* at 1367 (describing the remand in that case as "a remand granting the party relief on the merits"). The remand order of June 30, 2011 was not rooted in administrative error and did not provide Ms. Hughett relief on the merits. Thus, neither the nature nor the outcome of the remand in this case, according to the binding precedent discussed *supra*, conveys prevailing party status upon Ms. Hughett.

Plaintiff's only substantive argument that attempts to address the overwhelming weight of authority discussing procedural remands in the context of the prevailing party issue is plaintiff's conjecture that "the remand was secured to address the government's filing of an incomplete administrative record." Pl.'s Reply at 3. No caselaw is cited in support of this proposition. Instead, plaintiff

argues that the remand order "implicitly dealt with" the issue of plaintiff's motion to supplement the administrative record. *Id.* This argument fails as a matter of fact and as a matter of law.

Plaintiff's motion to supplement the administrative record sought to add documents to the administrative record in this case. Defendant agreed that these additional documents should be included in the record before the AFBCMR on remand. *See* Jt. Mot. at 2 (stating that "the AFBCMR will consider the documents that comprise the administrative record in this matter, as well as the additional documents that Ms. Hughett sought to add to the administrative record in her motion to supplement the administrative record"). The court noted this procedural development in its remand order. In essence, defendant voluntarily agreed to the proposed supplement to the administrative record *before* the court acted to remand this case to the AFBCMR. Nothing in the remand order suggests that this court intended the AFBCMR to *address gaps* in the administrative record in the case before the court. The issue of supplemental documentation to be presented to the AFBCMR had already been addressed by defendant to plaintiff's satisfaction. *See* Jt. Mot. at 2 n.1.

Even if plaintiff's conjecture regarding the intent of the remand order were not contradicted by the record of this litigation, the court notes that it is plaintiff's burden to show that the remand order was intended to address administrative error. *See, e.g.*, *Davis*, 475 F.3d at 1365-66. Plaintiff's argument regarding the implied connection between the remand order and plaintiff's motion to supplement the administrative record fails to meet this burden. As the Federal Circuit stated in *Davis*,

> Where there has been a remand to an administrative agency without a judicial finding of administrative error or a concession of such error by the agency, the default rule is that the remand is not based on administrative error for EAJA purposes under the *Motorola* test. This default rule places the burden on the EAJA applicant to prove, based on the record, that the remand had to have been predicated on administrative error even though the remand order does not say so.

*Id.* at 1366. Here, the court stayed proceedings for a procedural remand and

plaintiff has not met her burden to show that the remand was intended to address any administrative error identified by the court or conceded by the government.

Finally, the court notes that even if plaintiff had met her burden to show that the remand was intended to address supplementation of the administrative record, such a remand does not convey prevailing party status for EAJA purposes.  First, remands that do not address administrative error but which merely provide another opportunity for adjudication are insufficient to convey prevailing party status on a plaintiff.  *E.g.*, *Akers*, 409 F.3d at 1359.  Second, remands which are intended to bring newly discovered evidence before an administrative forum, but which are not founded on administrative error, are also insufficient for EAJA purposes.  *E.g.*, *Vaughn*, 336 F.3d at 1355-56.  Third, this court has held that "technical victories" on preliminary issues such as standing are not enough to convey prevailing party status under EAJA.  *Knowledge Connections, Inc. v. United States*, 76 Fed. Cl. 612, 617 (2007) (citing *Farrar v. Hobby*, 506 U.S. 103, 113 (1992); *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989); *Hewitt v. Helms*, 482 U.S. 755, 760 (1987); *Hanrahan v. Hampton*, 446 U.S. 754, 759 (1980)).  Similarly, achieving supplementation of an administrative record is a technical victory that is insufficient to make Ms. Hughett a prevailing party in this suit.  For all of these reasons, even if the remand were founded on plaintiff's request to supplement the administrative record, a remand of that nature does not convey prevailing party status for EAJA purposes.

The court concludes that the remand to the AFBCMR did not convey prevailing party status on Ms. Hughett.  Absent prevailing party status, a plaintiff may not recover attorney's fees and costs under EAJA.  28 U.S.C. § 2412(d)(1)(A).  Plaintiff's motion for attorney's fees and costs must be denied.

## IV.   Substantial Justification

Although the court has found that Ms. Hughett is not a prevailing party for EAJA purposes, the court will also briefly address the government's contention that its litigating position was substantially justified.  The court notes, at the outset, that this litigation terminated before this court could reach the merits of plaintiff's claims.  Nothing in the court's discussion of the government's litigating position should be construed as commentary upon the merits of plaintiff's claims.

The court turns first to the conduct of the Air Force challenged in this suit –

11

Ms. Hughett's release from active duty and her discharge.  The AFBCMR found that in the months leading up to her discharge Ms. Hughett was the victim of injustice with regard to the evaluation of her disabling conditions.  Remand Dec. at 5.  Although Ms. Hughett was granted correction of her military records to evidence a disability retirement, the AFBCMR did not cite a single violation of law or procedure in the Air Force's decision to release Ms. Hughett from active duty and to discharge her without a disability retirement.

Defendant correctly notes that the AFBCMR's decision was founded not on legal error, but on injustice.  Def.'s Opp. at 10-11.  Defendant carefully distinguishes between remedial measures based on errors of law, as compared to relief granted to correct injustice.  *Id.*  Although plaintiff argues that the correction of injustice by the AFBCMR signifies that Ms. Hughett's discharge had no reasonable basis in fact and law, Pl.'s Reply at 5, the court finds nothing in the decision of the AFBCMR to support this view.

Defendant has clearly articulated the government's arguments that there was a reasonable basis in law and fact for the Air Force's conduct.  *See* Def.'s Opp. at 7-10.  These arguments are entirely unrebutted by plaintiff.  Instead, plaintiff relies solely on the result achieved before the AFBCMR to impugn the reasonableness of Ms. Hughett's release from active duty and her discharge.  *See* Pl.'s Reply at 5 (stating that "correction of her records . . . demonstrates that the government position in not retiring the plaintiff at the time of her separation was not substantially justified").  In light of the fact that plaintiff has pointed to no legal error on the part of the Air Force, defendant's arguments must prevail on this issue; the court concludes that Ms. Hughett's release from active duty and her discharge had a reasonable basis in fact and law.  *See RAMCOR*, 185 F.3d at 1290.  Thus, this aspect of the government's conduct was substantially justified.

Turning to government conduct in the litigation before this court, defendant responded to the complaint with a motion to dismiss and for judgment upon the administrative record.  The court has reviewed defendant's motion and finds that it is adequately supported by an analysis of the relevant facts and legal arguments that are reasonable.  Plaintiff again argues that the motion to dismiss was unreasonable in light of the relief afforded Ms. Hughett by the AFBCMR.  Pl.'s Reply at 4-5.  The court credits defendant's analysis of the strength of its arguments for dismissal, Def.'s Opp. at 7-10, which are entirely unrebutted.  The court notes, again, that the AFBCMR decision relied upon by plaintiff cited no

legal errors by the Air Force.  As for defendant's acquiescence to supplementation of the administrative record and defendant's participation in a joint motion to request a remand to the AFBCMR, both of these decisions appear to the court to be eminently reasonable, particularly in light of the relief afforded plaintiff.  The court therefore concludes that defendant's litigating position before this court was, in its entirety, substantially justified.

Although plaintiff has attempted to use the AFBCMR decision in Ms. Hughett's favor to discredit the government's conduct in this case, the court notes that the reasonableness of the government's litigating position and conduct is an entirely separate issue from any judgment rendered on the merits of a plaintiff's claims.  *See, e.g.*, *Luciano Pisoni Fabbrica Accessori Instrumenti Musicali v. United States*, 837 F.2d 465, 467 (Fed. Cir. 1988) ("The decision on an award of attorney fees is a judgment independent of the result on the merits, and is reached by examination of the government's position and conduct through the EAJA 'prism' . . . .") (citation omitted).  Here, while it is not irrelevant that the AFBCMR granted plaintiff correction of her military records, the result obtained upon remand does not, in itself, suggest that the government's position was not substantially justified.  The court has thoroughly examined the decision of the AFBCMR for any indication that the government's conduct did not have a reasonable basis in fact and law.  As stated *supra*, the Board's decision contains no indication that the Air Force's conduct was not substantially justified.

In this case the government has met its burden to show that its conduct was substantially justified.  *Cf. Pierce*, 487 U.S. at 569 ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose.").  As a result, plaintiff may not recover attorney's fees and costs pursuant to the terms of EAJA.  28 U.S.C. § 2412(d)(1)(A).  Thus, even if the court erred as to its determination that Ms. Hughett was not a prevailing party in this suit, plaintiff's motion for attorney's fees and costs would necessarily be denied because the government's position in this case was substantially justified.[3]

**CONCLUSION**

---

[3]/ The court need not reach defendant's argument that special circumstances militate against an EAJA award in this case or defendant's challenge to a portion of the attorney's fees requested by Ms. Hughett.

Accordingly, it is hereby **ORDERED** that:

(1)     Plaintiff's Motion for Attorneys' Fees and Costs Under the Equal
        Access to Justice Act, filed January 9, 2013 and supplemented on
        January 10, 2013, is **DENIED**;

(2)     The Clerk's Office is directed to **ENTER** judgment for defendant as
        to plaintiff's application for attorney's fees and costs; and,

(2)     Each party shall bear its own costs.


                                        /s/Lynn J. Bush_____
                                        LYNN J. BUSH
                                        Judge